UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.                                    ACTION NO. 4:05CR38

MIKEY STEPHENSON,

       Defendant.

O R D E R

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

There is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c).

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing

evidence that there are numerous witnesses against this defendant who will testify that they purchased cocaine from the defendant and his co-defendants during the time period of the conspiracy. This defendant is facing a mandatory minimum of 55 years in the penitentiary if convicted on all counts and if the government files an information charging second drug offense.

The defendant is 21 years of age and currently resides with his maternal grandmother and his girlfriend, who is pregnant and due to deliver a child any day. The defendant claims he has been employed since January 15, 2005, as a painter's helper with his father's company, and it is noted that his father is a co-defendant in this case. He claims employment for four months in 2004 and four months in 2002. He states that he has no assets and his only liability is $400 for rent. He claims no drug or alcohol use.

In 2003 the defendant was found guilty of possession of cocaine and possession of marijuana with intent to distribute. He was successfully terminated from supervised probation on July 11, 2004, but he is on a ten-year good behavior time period that ends in 2013. Thus he was on either supervised or unsupervised probation at the time of the commission of the offenses in this case. He was convicted of reckless driving in 2004 and driving on a suspended license in 2004.

The Court FINDS that the defendant is a risk of nonappearance at court proceedings because of the lengthy possible sentence that

may be imposed. In addition, the Court FINDS that the defendant is a danger to the community because of his prior criminal record, which includes two related drug convictions, and the fact that he was under supervised and unsupervised probation at the time of the alleged offenses.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

                                                      /s/
                                          Tommy E. Miller
                                        United States Magistrate Judge

Norfolk, Virginia

April 19, 2005